1   **KRYSTYNA STETKIEWICZ**
    3653 Callahan Avenue
2   Las Vegas, Nevada 89120
    Telephone (702) 699-7783
3   In Proper Person                    **ORIGINAL**

4

5                    **United States Bankruptcy Court**

6                         **District of Nevada**

7
    In re:                          )
8                                   )    Case No.:    10-12503-lbr
            JOHN M. LEFEBVRE and     )    Chapter:     7
9           NOOJAN SRIKHAMPHA,       )
                                    )
10                 Debtors,          )
                                    )
11   KRYSTYNA STETKIEWICZ           )
                                    )
12              Plaintiff            )
                                    )
13       v.                         )
                                    )
14          JOHN M. LEFEBVRE and     )
            NOOJAN SRIKHAMPHA        )
15                                  )
                 Defendants          )
16   _____)

17                          **COMPLAINT**

18       COMES NOW Adversary Creditor, KRYSTYNA STETKIEWICZ, appearing In Proper

19   Person, and her Complaint objecting to the discharge of certain debts claimed in Debtors JOHN M.

20   LEFEBVRE and NOOJAN SRIKHAMPHA's Chapter 7 case filed in the above-entitled Court.

21       DATED this ____ day of May, 2010.

22

23                                  **KRYSTYNA STETKIEWICZ**
                                    3653 Callahan Avenue
24                                  Las Vegas, Nevada 89120
                                    Telephone (702) 699-7783
25                                  In Proper Person

26

27

28

                                 1

## MEMORANDUM OF POINTS AND AUTHORITIES

### Factual History

Creditor STETKIEWICZ is the former wife of Debtor JOHN LEFEBVRE's business partner, Glen Wolf. LEFEBVRE and Wolf are co-owners of The Flooring Center/Flooring America, located at 31 :70 East Sunset Road, #H, Las Vegas, Nevada 89120. In her Complaint for Divorce filed with the Eighth District Court of the State of Nevada, Case No. D-08-399650-D, she made the allegation that Wolf had opened several credit cards in her name through the internet. (Please see Complaint, Exhibit 1) He and LEFEBVRE then used those credit cards to purchase supplies and merchandise for either use or resale by The Flooring Center. The Court ruled that Wolf and his business associates did perpetrate a fraud upon STETKIEWICZ, obtaining and abusing her credit without her prior knowledge and express consent. It further ruled that Wolf was to pay all of those debts incurred in her name through the illegally obtained credit cards, holding her harmless. (Please see Decree of Divorce, Exhibit 2)

STETKIEWICZ'S counsel also filed an action in civil court for fraud, Case No. A571158, naming Wolf, LEFEBVRE and SRIKHAMPHA (aka PHA) as Defendants. (Please see Exhibit 3). The parties entered into a Stipulation and Order concerning the matter with the agreement that the Defendants would pay all of the outstanding debts on the credit cards, agin holding STETKIEWICZ harmless. The matter was dismissed *without prejudice,* pending the complete payment of the debts.

When STETKIEWICZ received notification of the above-captioned bankruptcy action, she immediately called the Debtors' counsel in the matter, requesting additional information. In return, she received a copy of Schedule F of the bankruptcy filing. (Please see Exhibit 4) STETKIEWICZ was amazed that the Debtors were attempting to circumvent the terms of the Stipulation and Order from the District Court action in that if they were granted a discharge of those debts, she would be responsible once again to pay those debts that were incurred through the fraudulent actions of the Debtors and her ex-husband.

During her research of the bankruptcy proceedings, STETKIEWICZ found out that not only did the Debtors claim her as a creditor, they also claimed her as a Co-debtor on Schedule H of their bankruptcy filing. (Please see Exhibit 5) A co-debtor refers to any person signed onto a debt

obligation jointly with a debtor whether as the primary or secondary obligor. STETKIEWICZ was neither a primary nor secondary obligor with regards to the credit cards. She never signed any documents to obtain the credit cards or agreed to any of the debts incurred by the use of the cards. Her name and credit worthiness were used fraudulently by the Debtors and her ex-husband to obtain merchandise for their business.

Further examination of the Debtors' filing revealed that the Debtors' deliberately omitted on their Statement of Financial Affairs the existence of the District Court civil suit. (Please see Exhibit 6) STETKIEWICZ believes that they did so in an attempt to hide the suit from the bankruptcy court and the fact that the creditor claim made by them for STETKIEWICZ in the amount of $62,320.00 was based on the fraud they perpetrated against her.

## Legal Argument

STETKIEWICZ brings her claim based on US Bankruptcy Codes §523(a)(2) [false pretenses, false representation, actual fraud] and §523(a)(4) [fraud as fiduciary, embezzlement, larceny].

Not only did the Debtors defraud this Honorable Court by misstating the true status of STETKIEWICZ and the nature of that debt they incurred against her, they purposefully did not divulge the existence of the civil suit where fraud was a cause of action and where any judgement in that matter cannot be discharged in a bankruptcy.

Therefore, STETKIEWICZ respectfully requests that the Debtors' claim for discharge of the debt they have incurred against her be denied.

WHEREAS, the Creditor, KRYSTYNA STETKIEWICZ, prays:

1.    That the Court finds that JOHN M. LEFEBVRE and NOOJAN SRIKHAMPHA purposefully and methodically misrepresented to this Honorable Court the true and correct status of the Creditor and the nature of the debt they incurred against her;

2.    That the Court finds that JOHN M. LEFEBVRE and NOOJAN SRIKHAMPHA purposefully omitted information concerning the district court civil suit in an attempt to hide its existence from the Court, thus committing a further fraud upon the Court;

3

3.    That the Court deny the discharge of the Debtors' claim against her;

4.    For further relief as the Court deems proper in the premises.

DATED this 24 day of May, 2010.


**KRYSTYNA STETKIEWICZ**
3653 Callahan Avenue
Las Vegas, Nevada 89120
Telephone (702) 699-7783
In Proper Person

4

# EXHIBIT 1

# ORIGINAL

FILED

Sep 10   4 57 PM '08

CLERK OF THE COURT

**COMP**
Geoffrey A. Potts, Esq.
Nevada Bar No. 4032
LAW OFFICES OF GEOFFREY A. POTTS, P.C.
1055 Whitney Ranch Dr. #110
Henderson, Nevada 89014
Telephone: (702) 498-7946
Attorney for Plaintiff

IN THE EIGHTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA
IN AND FOR CLARK COUNTY

KRYSTYNA STETKIEWICZ,

           Plaintiff,

vs.

GLEN WOLF,

           Defendant..

CASE NO. D08-399650 D

DEPT. NO.   J

## COMPLAINT FOR DIVORCE

COMES NOW, Plaintiff, KRYSTYNA STETKIEWICZ (hereinafter referred to as "Krystyna" or "Plaintiff") by and through her attorney, Geoffrey A. Potts, Esq., and for her cause of action against the Defendant, GLEN WOLF (hereinafter referred to as "Wolf" or "Defendant"), states and alleges as follows:

1.    Krystyna, is now, and for more than six weeks preceding the commencement of this action has been, an actual, bona fide resident of the County of Clark, State of Nevada, and during all of said period of time has been actually, physically and corporeally present, residing and domiciled in the State of Nevada.

///

///

CE28

2.     Krystyna and Glen were married on June 10, 1999, in Miami, Florida, and the parties are still husband and wife even though they have lived separate and apart for over one year.

3.     There are no children as a result of this marriage, Krystyna is not pregnant and there are no adopted minor children of the marriage.

4.     Parties hereto entered into a prenuptial agreement on June 9, 1999, a copy of which is attached hereto as Exhibit "A".

5.     Krystyna brought in to the marriage cash assets and real property in excess of $35,000.

6.     Before the marriage Wolf was in serious financial difficulties and brought little to no assets into the marriage.

7.     There is community property belonging to the parties hereto, to-wit:

a.     Real property located at 3653 Callahan Avenue, Las Vegas, NV 89120, with **no** encumbrance;

b.     A condominium located at 4960 Harrison Drive, Apt. 118, Las Vegas, NV 89120, with **no** encumbrance;

c.     Household furniture and furnishings for both properties;

d.     Checking and savings account;

e.     2001 Lexus RX 300 with **no** encumbrance;

f.     A second Lexus with **no** encumbrance;

g.     We are informed and believe and therefore allege that defendant Wolf had additional financial accounts containing community property; and,

h.  A 50% interest in The Flooring Center – Flooring America (due to fraud on the part of defendant Wolf and others, Krystyna signed away her rights to this company as part of their separation.  This issue is the subject of a related action currently pending in the Eight Judicial District in and for Clark County Nevada as Case No. A571158.  We are informed and believe and therefore allege that defendant Wolf and others involved in the company fraudulently and illegally used Krystyna's good credit to obtain credit cards in relation to the business and incurred debt in Krystyna's name believed to be in an amount of over $100,000).

8.  The Court should award to Plaintiff the following community property as her sole and separate property:

    a.  Real property located at 3653 Callahan Avenue Las Vegas, NV 89120.

    b.  Household furniture and furnishings related to said real property;

    c.  50% of all checking and savings accounts including, especially, all those financial accounts opened by defendant Wolf;

    d.  2001 Lexus RX 300; and

    e.  Plaintiff's personal property and belongings.

9.  The Court should award to Defendant the following community property as his sole and separate property:

    a.  A condominium located at 4960 Harrison Drive, Apt. 118, Las Vegas, NV 89120;

    b.  Household furniture and furnishings related to said real property;

    c.  50% of all checking and savings accounts;

    d.  Lexus; and,

    e.  Defendant's personal property and belongings.

10.     That the Court should order an appraisal of The Flooring Center - Flooring America; and that Defendant immediately pay to Plaintiff the value of 1/2 of the company; that Defendant be ordered to immediately cease and desist from using Krystyna's name, financial information and any other information related to Krystyna's identity; that defendant Wolf immediately pay completely in full any debt incurred by him or by the company using Krystyna's name, financial information or any other information related to Krystyna's identity; and, that Defendant hold Krystyna harmless from any such debt.

WHEREFORE, Plaintiff respectfully requests the following orders from the Court:

1.     That the bonds of matrimony now and heretofore existing between Plaintiff and Defendant be dissolved and that Plaintiff be granted an absolute Decree of Divorce and that each of the parties hereto be restored to the status of a single, unmarried person.

2.     There is community property belonging to the parties hereto, to-wit:

    a.     Real property located at 3653 Callahan Avenue Las Vegas, NV 89120, with no encumbrance;

    b.     Condominium located at 4960 Harrison Drive, Apt. 118, Las Vegas, NV 89120, with no encumbrance;

    c.     Household furniture and furnishings for both properties;

    d.     Checking and savings account;

    e.     2001 Lexus RX 300 with no encumbrance;

    f.     Second Lexus with no encumbrance;

    g.     We are informed and believe and therefore allege that defendant Wolf had additional financial accounts containing community property; and,

    h.     A 50% interest in The Flooring Center – Flooring America.

3.     The Court should award to Plaintiff the following community property as her sole and separate property:

      a.     Real property located at 3653 Callahan Avenue Las Vegas, NV.

      b.     Household furniture and furnishings related to said real property;

      c.     50% of all checking and savings accounts including, especially, all those financial accounts opened by defendant Wolf;

      d.     2001 Lexus RX 300; and

      e.     Plaintiff's personal property and belongings.

4.     The Court should award to Defendant the following community property as his sole and separate property:

      a.     Condominium located at 4960 Harrison Drive, Apt. 118, Las Vegas, NV 89120;

      b.     Household furniture and furnishings related to said real property;

      c.     50% of all checking and savings accounts;

      d.     Lexus; and,

      e.     Defendant's personal property and belongings.

      f.     That the Court should order an appraisal of The Flooring Center – Flooring America; and that Defendant immediately pay to Plaintiff the value of 1/2 of the company; that Defendant be ordered to immediately cease and desist from using Krystyna's name, financial information and any other information related to Krystyna's identity; that defendant Wolf immediately pay completely and in full any debt incurred by him or by the company using Krystyna's name, financial information or any other information related to Krystyna's identity; and, that Defendant hold Krystyna harmless from any such debt.

5.    That the Court should order Defendant to be responsible for, and hold the Plaintiff harmless from, any other community debts and obligations.

6.    That due to the fraudulent activities engaged in by Defendant Wolf, that he be ordered to pay all of Plaintiff's attorneys fees and costs.

7.    That given the large differences in income between Plaintiff and Defendant, that this Court should compel Defendant Wolf to make support payments to Plaintiff.

8.    For such other and further relief as the Court deems just and proper in the premises.

DATED this 9th day of September, 2008.

LAW OFFICES GEOFFREY A. POTTS

Geoffrey A. Potts, Esq.
Nevada Bar No. 4032
1055 Whitney Ranch Dr. #110
Henderson, Nevada 89014
Telephone: (702) 498-7946
Attorney for Plaintiff

**VERIFICATION**

STATE OF NEVADA          )
                         )   ss:
COUNTY OF CLARK          )

     KRYSTYNA STETKIEWICZ, under penalties of perjury, being first duly sworn, deposes and says:

     That I am the Plaintiff in the above-entitled action; that I have read the foregoing Complaint for Divorce and know the contents thereof; that the same is true of my own knowledge, except for those matters therein contained stated upon information and belief, and as to those matter, I believe them to be true.

     DATED this __9__ day of September, 2008.

                                  KRYSTYNA STETKIEWICZ

SUBSCRIBED and SWORN to before me
on this ____ day of September, 2008.

NOTARY PUBLIC in and for Said
County and State.

NINA ANGRISANI
Notary Public, State of Nevada
Appointment No. 06-104286-1
My Appt. Expires Mar 1, 2010

# EXHIBIT "A"

06/09/99

## Premupital agreement

This agreement is between

Glen Steven Wolf
Date of birth  9/14/52
Chicago, Il
and
Krystyna Stetkiewiz
Date of birth  02/18/61
Poland

In the event of the marriage ending in a divorce all personal property, assets, holdings and liabilities ✓ of Glen Steven Wolf and Krystyna Stetkiewiz before the marriage date will not be part of the ✓ divorce settlement.

Krystyna Stetkiewiz
K.Stetkiewiz
Glen Steven Wolf
Glen Steven Wolf



6/9/99

**EXHIBIT 2**

● ORIGINAL ●

FILED

SEP 3  11 31 AM '09

CLERK OF THE COURT

1  NEOJ
   CHRISTOPHER R. TILMAN, ESQ.
2  Nevada Bar No. 05150
   1211 South Maryland Parkway
3  Las Vegas, Nevada  89104
   (702) 214-4214
4  Attorney for Defendant
   Glen Wolf
5

6

7              DISTRICT COURT

8           CLARK COUNTY, NEVADA
9

10

11

12  KRYSTYNA STETKIEWICZ,          )      Case No.  D-08-399650-D
                                   )      Dept No.  J
13              Plaintiff,         )
                                   )
14  vs.                            )
                                   )
15  GLEN WOLF,                     )
                                   )      Date of Hearing:  N/A
16              Defendant.         )      Time of Hearing:  N/A
                                   )
17  _____)

18           NOTICE OF ENTRY OF DECREE OF DIVORCE

        PLEASE TAKE NOTICE that on the 31st day of August, 2009, the Honorable Kenneth E.
19
    Pollock entered a Decree of Divorce, a copy of which is attached hereto.
20
        DATED this ____ day of September, 2009.
21

22

23              CHRISTOPHER R. TILMAN, ESQ.
                Nevada Bar No. 005150
24              1211 South Maryland Parkway
                Las Vegas, Nevada 89104
                Attorney for Defendant
25

26

27

28

RECEIVED
SEP 03 2009
CLERK OF THE COURT

                          1

## CERTIFICATE OF MAILING

I hereby certify that on that service of this **NOTICE OF ENTRY OF DECREE OF DIVORCE** was made this 2nd day of September, 2009, by depositing a copy thereof in a sealed envelope, first class postage prepaid, in the U.S. Mail, addressed to:

Geoffrey Potts, Esq.
1055 Whitney Ranch Dr.
Henderson, NV 89014

Glen Wolf
5150 Shadow Hill Drive
Las Vegas, NV 89120

An employee of
Christopher R. Tilman, Esq.

2



1   DECD
CHRISTOPHER R. TILMAN, ESQ.
2   Nevada Bar No. 05150
1211 South Maryland Parkway
3   Las Vegas, Nevada 89104
(702) 214-4214
4   Attorney for Defendant
Glen Wolf

AUG 31   9 47 AM '09

DISTRICT COURT

CLARK COUNTY, NEVADA

| | |
|---|---|
| KRYSTYNA STETKIEWICZ, | Case No. D-08-399650-D |
| Plaintiff, | Dept No. J |
| vs. | |
| GLEN WOLF, | Date of Hearing: N/A |
| Defendant. | Time of Hearing: N/A |

## DECREE OF DIVORCE

This matter, having been submitted to the Court via a Summary Disposition, Plaintiff, appearing through her attorney, Geoffrey A. Potts, Esq., and Defendant, appearing through his attorney Christopher R. Tilman, Esq., and the Court, having and examined all of the pleadings, and the cause having been submitted for decision and comment, and the Court being fully advised as to the law in the facts of this case, finds:

That the Court has jurisdiction in the premises, both as to the subject matter thereof as well as the parties herein;

That the Defendant now is, and has been, an actual and bona fide resident of the County of Clark, State of Nevada and has been actually domiciled therein for more than six (6) weeks

1

1   immediately preceding the commencement of this action;

2      That both parties are entitled to a Decree of Divorce on the grounds as set forth in their

3   Complaint and Answer;

4      That the Defendant has filed an Answer and has therefore waived findings of fact, and

5   conclusions of law and written notice of entry of judgment in said cause; and,

6      That there are no minor children the issue of this marriage; there are no adopted children the

7   issue of this marriage; and the Plaintiff is not pregnant.

8      IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the bonds of matrimony

9   heretofore now existing between the Plaintiff and Defendant be, and the same are, hereby wholly

10  dissolved and an absolute Decree of Divorce is hereby granted to the Plaintiff, and each of the

11  parties hereto is hereby restored to the status of a single, unmarried person.

12     IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the parties acknowledge

13  that they have had a full and fair opportunity to conduct discovery of assets and debts.  The parties

14  further acknowledge that it is desire to proceed with this stipulated Decree of Divorce based upon

15  their desire to resolve the divorce based upon each other's respective assets and debts.  The parties

16  further confirm that the division of assets and debts are fair and equitable.

17     IT IS FURTHER ORDERED, ADJUDGED AND DECREED that if any claim, action or

18  proceeding is brought seeking to hold one of the parties hereto liable on account of any debt,

19  obligation, liability, act or omission assumed by the other party, the responsible party shall, at his

20  or her sole expense, defend the innocent party against any such claim or demand and he or she will

21  indemnify, defend and hold harmless the innocent party.

22     IT IS FURTHER ORDERED, ADJUDGED AND DECREED that neither party should be

23  required to pay spousal support or alimony to the other party.

24     IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Plaintiff shall receive

25  as her sole and separate property the following:

26     1.  100% of the home and equity contained therein located at 3653 Callahan Avenue, Las

27  Vegas, Nevada, and Defendant herein specifically waives any and all interest contained therein.

28                                     2

1    2. 2000 Lexus RX300 automobile, free and clear of encumbrance thereon.

2    3. One-half (50%) of the AXA Annuity, currently held in both parties names, approximate

3    value $37,682.00.

4    4. 100% of the AXA Annuity in her name, and Defendant herein specifically waives any and

5    all interest contained therein.

6    5. Any and all bank accounts in her name.

7    6. All personal effects and property in her possession.

8    4. All furniture and furnishings in her possession.

9    IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Defendant shall

10    receive as his sole and separate property the following:

11    1. 100% of his business as well as 100% of any stock in "The Flooring Center/ Flooring

12    America, Inc. The Plaintiff had previously waived any and all interest contained therein.

13    2. One-half (50%) of the AXA Annuity, currently held in both parties names, approximate

14    value $37,682.00.

15    3. 100% of the home and equity contained therein located at 4960 Harrison Drive, Las

16    Vegas, Nevada. Plaintiff herein specifically waives any and all interest contained therein.

17    4. 100% of the home and equity contained therein located at 5150 Shadow Hill Drive, Las

18    Vegas, Nevada. Plaintiff herein specifically waives any and all interest contained therein.

19    5. 2008 Dodge Caravan, subject to encumbrance thereon.

20    6. 2004 Cadillac Escalade, subject to encumbrance thereon.

21    7. Any and all bank accounts in his name..

22    8. All personal effects and property in his possession.

23    9. All furniture and furnishings in his possession.

24    IT IS FURTHER ORDERED, ADJUDGED AND DECREED that as and for property

25    settlement agreement, the community debts of the parties to be divided as follows:

26    The Plaintiff shall be responsible for the payment of, and hold the Defendant harmless from,

27    the following debts:

28                                3

1          1.  Any and all debts incurred in her name.

2          That the Defendant shall be responsible for the payment of, and hold the Plaintiff harmless

3   from, the following debts:

4          1.  Any debts associated with his business "The Flooring Center/Flooring America, Inc.".

5          2.  Loan on the 2008 Dodge Caravan.

6          3.  Bank of America, account ending 4626, approximate balance $20,828.00.

7          4.  US Bank, account ending 6280, approximate balance $5,385.00.

8          5.  US Airways Mastercard, account ending 2505, approximate balance $17,315.00.

9          6.  Chase, account ending 0328, approximate balance $7,743.00.

10         7.  Any debts associated with his business The Flooring Center/Flooring America, Inc.

11         8.  Mortgage on the 5150 Shadow Hill Drive property.

12         9.  Citi Mastercard, account ending 2182, approximate balance $15,324.00.

13         10. Any and all debts incurred in his name.

14         IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the parties will cooperate

15  with the execution of any and all documents to effectuate this Decree of Divorce.  This Court shall

16  retain jurisdiction over this matter.

17         IT IS FURTHER ORDERED, ADJUDGED AND DECREED that should any party

18  reasonably retain counsel for the purpose of enforcing or preventing the breach of any provision of

19  this Decree of Divorce then the prevailing party shall be entitled, in addition to any other relief as

20  may be granted, to be reimbursed by the other party for all costs and expenses incurred thereby,

21  including, but not limited to, reasonable attorney's fees and costs for services rendered to the

22  prevailing party.

23         IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Plaintiff's former name

24  ///

25

26  ///

27

28                                                  4

1  of: KRYSTYNA STETKIEWICZ be restored to her.

2       IT IS FURTHER ORDERED, ADJUDGED AND DECREED that each party shall bear their

3  own attorney's fees and costs.

4       Dated this _26th_ day of _August_, 2009.

5

6                 KENNETH E. POLLOCK

7                 DISTRICT JUDGE

8  Submitted by:

9

10

11  CHRISTOPHER R. TILMAN, ESQ.
    Nevada Bar Number 5150
12  1217 South Maryland Parkway
    Las Vegas, NV 89104
13  Attorney for Defendant

               GLEN WOLF, Defendant

14  Approved as to form and content:

15

16  GEOFFREY A. POTTS, ESQ.
               KRYSTYNA STETKIEWICZ, Plaintiff
17  Nevada Bar No. 4032
    1055 Whitney Ranch Dr. #110
18  Henderson, NV 89014
    Attorney for Plaintiff
19

20

21

22

23

24

25

26

27

28                5

# EXHIBIT 3

Logout My Account Search Menu New District Civil Search Refine Search Back                    Location : District Court Civil   Help

# REGISTER OF ACTIONS
## CASE NO. 08A571158

| Krystyna Stetkiewicz vs Glen Wolf, Noonjan Pha, et al | § § § § § § | Case Type: | **Other Civil Filing** |
|---|---|---|---|
| | | Subtype: | **Conversion of Property** |
| | | Date Filed: | **09/08/2008** |
| | | Location: | **Department 16** |
| | | Conversion Case Number: | **A571158** |

---

### PARTY INFORMATION

| | | **Lead Attorneys** |
|---|---|---|
| Conversion Extended Connection Type | No Convert Value @ 08A571158 Removed: 04/24/2009 Converted From Blackstone | |
| **Defendant** | **Lefebre, John** | **Norberto Cisneros** *Retained* ** Confidential Phone Number ** |
| **Defendant** | **Pha, Noonjan S** | **Norberto Cisneros** *Retained* ** Confidential Phone Number ** |
| **Defendant** | **Wolf, Glen** | **Norberto Cisneros** *Retained* ** Confidential Phone Number ** |
| **Plaintiff** | **Stetkiewicz, Krystyna** | **Hans R. Baldau** *Retained* ** Confidential Phone Number ** |

---

### EVENTS & ORDERS OF THE COURT

**DISPOSITIONS**

10/20/2009 | **Order of Dismissal Without Prejudice** (Judicial Officer: Williams, Timothy C.)
Debtors: Glen Wolf (Defendant), Noonjan S Pha (Defendant), John Lefebre (Defendant)
Creditors: Krystyna Stetkiewicz (Plaintiff)
Judgment: 10/20/2009, Docketed: 10/22/2009

**OTHER EVENTS AND HEARINGS**

09/08/2008 | **Complaint**
*COMPLAINT FILED Fee $148.00*
08A5711580001.tif pages
09/08/2008 | **Initial Appearance Fee Disclosure**
*INITIAL APPEARANCE FEE DISCLOSURE*
08A5711580002.tif pages
09/17/2008 | **Amended Complaint**
*FIRST AMENDED COMPLAINT*
08A5711580003.tif pages
10/27/2008 | **Affidavit**
*AFFIDAVIT OF SERVICE - JOHN LEFEBRE*
08A5711580006.tif pages
10/27/2008 | **Affidavit**
*AFFIDAVIT OF SERVICE - GLEN WOLF*

|            |                                                    |
|------------|----------------------------------------------------|
|            | 08A5711580007.tif pages                            |
| 11/04/2008 | **Three Day Notice of Intent to Default**          |
|            | *THREE DAY NOTICE OF INTENT TO ENTER DEFAULT AGAINST DEFTS* |
|            | 08A5711580008.tif pages                            |
| 11/04/2008 | **Three Day Notice of Intent to Default**          |
|            | *THREE DAY NOTICE OF INTENT TO ENTER DEFAULT AGAINST DEFTS* |
|            | 08A5711580009.tif pages                            |
| 11/04/2008 | **Three Day Notice of Intent to Default**          |
|            | *THREE DAY NOTICE OF INTENT TO ENTER DEFAULT AGAINST DEFTS* |
|            | 08A5711580010.tif pages                            |
| 11/06/2008 | **Answer**                                         |
|            | *ANSWER*                                           |
|            | 08A5711580004.tif pages                            |
| 11/06/2008 | **Answer**                                         |
|            | *ANSWER*                                           |
|            | 08A5711580005.tif pages                            |
| 11/06/2008 | **Initial Appearance Fee Disclosure**              |
|            | *INITIAL APPEARANCE FEE DISCLOSURE*                |
|            | 08A5711580011.tif pages                            |
| 01/26/2009 | **Notice**                                         |
|            | *NOTICE OF CHANGE OF FIRM NAME AND ADDRESS*        |
|            | 08A5711580012.tif pages                            |
| 10/20/2009 | **Stipulation and Order**                          |
| 11/05/2009 | **Notice of Entry of Order**                       |
|            | *Notice of Entry of Order of Dismissal*            |

---

### FINANCIAL INFORMATION

---

**Conversion Extended Connection Type** No Convert Value @ 08A571158

| | | | | |
|---|---|---|---|---|
| | Total Financial Assessment | | | 446.00 |
| | Total Payments and Credits | | | 446.00 |
| | **Balance Due as of 05/23/2010** | | | **0.00** |

| | | | | |
|------------|-----------------------|-------------------|--------------------------------------------|----------|
| 09/08/2008 | Transaction Assessment | | | 446.00 |
| 09/08/2008 | Conversion Payment | Receipt # 01459616 | KEN R ASHWORTH & ASSOCIATES | (148.00) |
| 11/06/2008 | Conversion Payment | Receipt # 01471884 | LAW OFFICES OF CISNEROS & THOMPSON CHTD | (194.00) |
| 11/06/2008 | Conversion Payment | Receipt # 01471885 | LAW OFFICES OF CISNEROS & THOMPSON CHTD | (104.00) |

# EXHIBIT 4

# CLEMENT LAW OFFICES

9960 W. Cheyenne Ave., Suite 190
Las Vegas, Nevada 89129

TELECOPIER:
(702) 341-6558

TELEPHONE:
(702) 341-6997

**To:**  Kristina Steckisizz

**From:**  Stefanie H. Clement, Esq.

**Fax #:**  (702) 699-7783
**Re:**  John Lefebvre

**Date:**  May 14th, 2010
**Pages:**  7 (including cover page)

**Message:**

Ms. Steckisizz,

Enclosed please find the requested information pertaining to John Lefebvre Bankruptcy. Should you have any questions or concerns please do not hesitate to contact our office.

Clement Law Office
*Stefanie H. Clement*
9960 West Cheyenne Ave., Suite 190
Las Vegas, Nevada 89129

B6F (Official Form 6F) (12/07)

In re   **JOHN M LEFEBVRE,**
      **NOOJAN SRIKHAMPHA**
                        **Debtors**

Case No.   **10-12503**

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐  Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | Husband, Wife, Joint, or Community | | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|---|
| | | H | W | J C | | | | | |
| Account No. xxxxxxxxxxxx9063 <br><br> **AMERICAN EXPRESS** <br> **C/O BECKET AND LEE LLP** <br> **PO BOX 3001** <br> **MALVERN, PA 19355** | C | | | | Opened 7/01/04 Last Active 9/06/05 <br> CREDIT CARD PURCHASES | | | | 40,369.00 |
| Account No. xxxxxxxxxxxx2903 <br><br> **AMEX** <br> **C/O BECKETT & LEE** <br> **PO BOX 3001** <br> **MALVERN, PA 19355** | C | | | | Opened 7/01/04 Last Active 8/22/08 <br> CREDIT CARD PURCHASES | | | | 38,910.00 |
| Account No. 4510 <br><br> **BANK OF AMERICA** <br> **PO BOX 15026** <br> **WILMINGTON, DE 19850** | C | | | | Opened 7/01/04 Last Active 5/14/09 <br> CREDIT CARD PURCHASES | | | | 22,973.00 |
| Account No. 3768 <br><br> **BANK OF AMERICA** <br> **PO BOX 15026** <br> **WILMINGTON, DE 19850** | | H | | | Opened 7/01/04 Last Active 5/26/09 <br> CREDIT CARD PURCHASES | | | | 16,480.00 |
| | | | | | | | Subtotal <br> (Total of this page) | | 119,232.00 |

**5**   continuation sheets attached

B6F (Official Form 6F) (12/07) - Cont.

In re   **JOHN M LEFEBVRE,**
**NOOJAN SRIKHAMPHA**
Debtors

Case No. __10-12503__

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|---|
| | | H | W | J/C | | | | | |
| Account No. 3531<br><br>**BANK OF AMERICA**<br>PO BOX 15026<br>WILMINGTON, DE 19850 | C | | | | Opened 9/01/04 Last Active 5/26/09<br>CREDIT CARD PURCHASES | | | | 13,129.00 |
| Account No. 6477<br><br>**BANK OF AMERICA**<br>PO BOX 15026<br>WILMINGTON, DE 19850 | H | | | | Opened 9/01/04 Last Active 5/14/09<br>CREDIT CARD PURCHASES | | | | 11,557.00 |
| Account No. 4041<br><br>**BANK OF AMERICA**<br>PO BOX 851001<br>Dallas, TX 75285 | C | | | | 2009<br>CREDIT CARD PURCHASES | | | | 22,513.98 |
| Account No. 7405<br><br>**BANK OF AMERICA**<br>PO BOX 851001<br>Dallas, TX 75285 | C | | | | 2009<br>CREDIT CARD PURCHASES | | | | 12,525.70 |
| Account No. xxxxxx8401<br><br>**BARCLAYS BANK DELAWARE**<br>ATTENTION: CUSTOMER SUPPORT DEPARTMENT<br>PO BOX 8833<br>WILMINGTON, DE 19899 | C | | | | Opened 3/01/08 Last Active 5/15/09<br>CREDIT CARD PURCHASES | | | | 31,520.00 |

Sheet no. _1_ of _5_ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)

91,245.68

Software Copyright (c) 1996-2010 - Best Case Solutions - Evanston, IL - www.bestcase.com

Best Case Bankruptcy

B6F (Official Form 6F) (12/07) - Cont.

In re    **JOHN M LEFEBVRE,**    Case No. ___10-12503___
     **NOOJAN SRIKHAMPHA**
                   Debtors

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. xxxxxxxx3380 <br><br> CHASE <br> PO BOX 15298 <br> WILMINGTON, DE 19850 | C | | Opened 7/01/04  Last Active 5/20/09 <br> CREDIT CARD PURCHASES | | | | 34,472.00 |
| Account No. xxxxxxxx3362 <br><br> CHASE <br> PO BOX 15298 <br> WILMINGTON, DE 19850 | H | | Opened 7/01/04  Last Active 6/06/09 <br> CREDIT CARD PURCHASES | | | | 31,553.00 |
| Account No. xxxxxxxx2002 <br><br> CHASE <br> 800 BROOKSEDGE BLV <br> WESTERVILLE, OH 43081 | C | | Opened 6/01/94  Last Active 5/29/09 <br> CREDIT CARD PURCHASES | | | | 20,211.00 |
| Account No. xxxxxxxx0142 <br><br> CHASE <br> 800 BROOKSEDGE BLV <br> WESTERVILLE, OH 43081 | C | | Opened 6/01/04  Last Active 6/04/09 <br> CREDIT CARD PURCHASES | | | | 18,783.00 |
| Account No. xxxxxxxx4003 <br><br> CHASE <br> 800 BROOKSEDGE BLV <br> WESTERVILLE, OH 43081 | H | | Opened 6/01/01  Last Active 6/14/09 <br> CREDIT CARD PURCHASES | | | | 12,705.00 |

Sheet no. __2__ of __5__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)    117,724.00

B6F (Official Form 6F) (12/07) - Cont.

In re   **JOHN M LEFEBVRE,**              Case No. ___10-12503___
        **NOOJAN SRIKHAMPHA**
                                    Debtors

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. xxxxxxxx9221<br><br>CITI<br>PO BOX 6241<br>SIOUX FALLS, SD 57117 | | C | Opened 9/01/99 Last Active 5/14/09<br>CREDIT CARD PURCHASES | | | | 36,478.00 |
| Account No. xxxxxxxx5587<br><br>CITI<br>PO BOX 6241<br>SIOUX FALLS, SD 57117 | | H | Opened 10/01/04 Last Active 5/14/09<br>CREDIT CARD PURCHASES | | | | 31,752.00 |
| Account No. xxxxxxxx0782<br><br>CITI<br>PO BOX 6241<br>SIOUX FALLS, SD 57117 | | C | Opened 7/01/04 Last Active 5/28/09<br>CREDIT CARD PURCHASES | | | | 13,181.00 |
| Account No. xxxxxxxx7061<br><br>DISCOVER FIN SVCS LLC<br>PO BOX 15316<br>WILMINGTON, DE 19850 | | C | Opened 8/01/99 Last Active 1/08/10<br>CREDIT CARD PURCHASES | | | | 469.00 |
| Account No. xxxxxxxx1372<br><br>GEMB/MOHAWK<br>PO BOX 981439<br>EL PASO, TX 79998 | | H | Opened 1/01/08 Last Active 8/17/09<br>CHARGE ACCOUNT | | | | 5,827.00 |

Sheet no. _3_ of _5_ sheets attached to Schedule of            Subtotal
Creditors Holding Unsecured Nonpriority Claims              (Total of this page)   87,517.00

Software Copyright (c) 1996-2010 - Best Case Solutions - Evanston, IL - www.bestcase.com              Best Case Bankruptcy

B6F (Official Form 6F) (12/07) - Cont.

In re  **JOHN M LEFEBVRE,**                                        Case No.  __10-12503__
       **NOOJAN SRIKHAMPHA**

                                    Debtors
**SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS**
                              (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. KRYSTYNA STETKIEWICZ 3653 CALLAHAN AVE Las Vegas, NV 89120 | C | | 2008-2009 CREDIT CHARGES | | | X | $2,320.00 |
| Account No. LEFEBVRE MAGNUM OPES SUNSET CORP CENTER 4886 JUDSON AVE. STE. 110 Las Vegas, NV 89115 | C | | 2009 BUSINESS DEBT | | | | $67,452.90 |
| Account No. SPRING VALLEY HOSPITAL PO BOX 31001-0827 Pasadena, CA 91110-0827 | C | | 12/09 MEDICAL TREATMENT | | | | Unknown |
| Account No. ST ROSE DOMINICAN HOSPITAL FILE BOX 57124 Los Angeles, CA 90074 | C | | 12/09 MEDICAL TREATMENT | | | | Unknown |
| Account No. 7436 US AIRWAYS MASTERCARD PO BOX 13337 Philadelphia, PA 19101 | C | | 2009 CREDIT CARD PURCHASES | | | | 30,664.75 |

Sheet no. __4__ of __8__ sheets attached to Schedule of         Subtotal          460,437.65
Creditors Holding Unsecured Nonpriority Claims              (Total of this page)

Software Copyright (c) 1996-2010 - Best Case Solutions - Evanston, IL - www.bestcase.com          Best Case Bankruptcy

B6F (Official Form 6F) (12/07) - Cont.

In re  JOHN M LEFEBVRE,                                    Case No.  10-12503
NOOJAN SREKHAMPHA

Debtors

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. xxxxxxxx8630  US BK RMS CC 101 5TH ST E STE A SAINT PAUL, MN 55101 | | H | Opened 7/01/04 Last Active 5/26/08 CREDIT CARD PURCHASES | | | | 23,660.00 |
| Account No. xxxxxxxx8675  US BK RMS CC 101 5TH ST E STE A SAINT PAUL, MN 55101 | | C | Opened 7/01/04 Last Active 5/21/08 CREDIT CARD PURCHASES | | | | 23,025.00 |
| Account No. xxxxxxxxxxxx1109  WELLS FARGO BANK P.O. BOX 5445 PORTLAND, OR 97208 | | H | Opened 9/08/04 Last Active 1/26/10 CREDIT CARD PURCHASES | | | | 181.00 |
| Account No. 3264  WELLS FARGO BUSINESS DIRECT PO BOX 348750 Sacramento, CA 95834 | X | C | 2008 BUSINESS LOAN | | | | 89,820.14 |
| Account No. | | | | | | | |

| | | |
|---|---|---|
| Sheet no. 5 of 5 sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims | Subtotal (Total of this page) | 137,006.14 |
| | Total (Report on Summary of Schedules) | 1,013,182.45 |

Software Copyright (c) 1996-2010 - Best Case Solutions - Evanston, IL - www.bestcase.com                    Best Case Bankruptcy

# EXHIBIT 5

B6H (Official Form 6H) (12/07)

In re   **JOHN M LEFEBVRE,**                              Case No._____
       **NOOJAN SRIKHAMPHA**

_____
Debtors

## SCHEDULE H - CODEBTORS

Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by debtor in the schedules of creditors. Include all guarantors and co-signers. If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the eight year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state, commonwealth, or territory. Include all names used by the nondebtor spouse during the eight years immediately preceding the commencement of this case. If a minor child is a codebtor or a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☐ Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| **KRYSTYNA STETKIEWICZ**<br>**3653 CALLAHAN AVE**<br>**Las Vegas, NV 89120** | **BANK OF AMERICA**<br>**PO BOX 851001**<br>**Dallas, TX 75285** |
| **KRYSTYNA STETKIEWICZ**<br>**3653 CALLAHAN AVE**<br>**Las Vegas, NV 89120** | **CHASE**<br>**PO BOX 94014**<br>**Palatine, IL 60094** |
| **KRYSTYNA STETKIEWICZ**<br>**3653 CALLAHAN AVE**<br>**Las Vegas, NV 89120** | **CITICARDS**<br>**PO BOX 6000**<br>**The Lakes, NV 89163** |
| **KRYSTYNA STETKIEWICZ**<br>**3653 CALLAHAN AVE**<br>**Las Vegas, NV 89120** | **US BANK**<br>**PO BOX 790408**<br>**Saint Louis, MO 63179** |
| **KRYSTYNA STETKIEWICZ**<br>**3653 CALLAHAN AVE**<br>**Las Vegas, NV 89120** | **WELLS FARGO BUSINESS DIRECT**<br>**PO BOX 348750**<br>**Sacramento, CA 95834** |

**0**
\_\_\_\_\_ continuation sheets attached to Schedule of Codebtors

Copyright (c) 1996-2009 - Best Case Solutions - Evanston, IL - (800) 492-8037

Best Case Bankruptcy

**EXHIBIT 6**

2

**2. Income other than from employment or operation of business**

None
☐

State the amount of income received by the debtor other than from employment, trade, profession, or operation of the debtor's business during the **two years** immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE |
|---|---|
| **$17,857.00** | **2007 SOCIAL SECURITY** |
| **$18,298.00** | **2008 SOCIAL SECURITY** |
| **$11,390.00** | **2009 SOCIAL SECURITY** |
| **$3,616.00** | **YTD** |

**3. Payments to creditors**

None
■

*Complete a. or b., as appropriate, and c.*

a.   *Individual or joint debtor(s) with primarily consumer debts.*  List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within **90 days** immediately preceding the commencement of this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $600. Indicate with an (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and creditor counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

None
☐

b.   *Debtor whose debts are not primarily consumer debts:* List each payment or other transfer to any creditor made within **90 days** immediately preceding the commencement of the case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $5,475.  If the debtor is an individual, indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and creditor counseling agency.  (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS/ TRANSFERS | AMOUNT PAID OR VALUE OF TRANSFERS | AMOUNT STILL OWING |
|---|---|---|---|
| **WELLS FARGO HM MORTGAG**<br>**8480 STAGECOACH CIR**<br>**FREDERICK, MD 21701** | **NOV, DEC, JAN** | **$5,241.18** | **$217,777.00** |
| **DCFS USA LLC**<br>**2050 ROANOKE RD**<br>**WESTLAKE, TX 76262** | **NOV, DEC, JAN** | **$1,938.00** | **$6,106.00** |

None
■

c.   *All debtors:* List all payments made within **one year** immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATE OF PAYMENT | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

**4. Suits and administrative proceedings, executions, garnishments and attachments**

None
■

a. List all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|